# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DARLA BRALLEY, )<br>)<br>Defendant. ) | Case No. CR-22-355-SLP |

## O R D E R

Before the Court is Defendant's pro se "Motion for Sentence Reduction Under Advisory of Compassionate Release, the First Step Act, and USSC Promulgated Amendment Modifications, Pursuant to USC 3582(c)(1)(A) and (c)(2) of Title 18" [Doc. No. 20]. The Court previously notified Defendant that "[a]t least part of [her] Motion attacks the constitutional validity of her federally imposed sentence" and therefore could only be asserted in a motion pursuant to 28 U.S.C. § 2255. [Doc. No. 24] at 2. The Court notified Defendant of its intent to characterize her Motion as one seeking relief under § 2255 and offered her an opportunity to withdraw her Motion. Defendant then clarified that "her motion . . . must be re-characterized with court stated allowance as a Section 2255." [Doc. No. 25] at 14; *see also id.* at 15 (requesting Court "recharacterize [her motion] to the fullest as a Section 2255").

In its current form, however, the Motion does not comply with Rule 2(b)(5) of the Rules Governing § 2255 Proceedings for the U.S. District Courts ("§ 2255 Rules"). Rule 2(b)(5) requires the Motion to "be signed under penalty of perjury by the movant or by a

person authorized to sign it for the movant." The Motion bears no signature and contains no statement that it is sworn under penalty of perjury. Nevertheless, the Court will give Defendant leave to "amend h[er] motion by submitting it under oath or by attaching an affidavit."[1] *Kafo v. United States*, 467 F.3d 1063, 1070 (7th Cir. 2006) (cited with approval by *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007)); *see also* § 2255 Rules, Rule 2 advisory committee's note to 2004 amendments. Defendant is cautioned that failure to timely comply with this Order may result in her Motion being denied on the merits or dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). *Cf. Valdez v. United States*, No. CR 13-3594 JB, 2017 WL 2290956, at *2 (D.N.M. Apr. 28, 2017).

IT IS THEREFORE ORDERED that within 21 days from the date of this Order, Defendant shall resubmit a copy of her Motion that is (1) signed and (2) either sworn under penalty of perjury or accompanied by an affidavit.[2]

IT IS SO ORDERED this 30th day of December, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] "[P]arties [may] submit unsworn declarations in lieu of affidavits, provided that the declarations" comply with the requirements set forth in 28 U.S.C. § 1746. *Vazirabadi v. Denver Health & Hosp. Auth.*, 782 F. App'x 681, 687 (10th Cir. 2019); *see also Abreu v. Davis Cnty.*, No. 1:21-CV-129-RJS, 2024 WL 327335, at *2 (D. Utah Jan. 29, 2024).

[2] Defendant's address has changed since she filed her Motion. *See* [Doc. No. 26]. To facilitate compliance with this Order, the Clerk of Court is directed to mail Defendant a copy of her Motion [Doc. No. 20].