THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-22-355-SLP |
| | ) | |
| DARLA BRALLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's pro se "Motion for Sentence Reduction Under Advisory of Compassionate Release, the First Step Act, and USSC Promulgated Amendment Modifications, Pursuant to USC 3582(c)(1)(A) and (c)(2) of Title 18."[1] [Doc. No. 20]  The Government filed a Response [Doc. No. 23], and Defendant filed a Reply [Doc. No. 25].

I. **Procedural History**

The Court has detailed the factual background surrounding Defendant's guilty plea to a two-count information in a previous Order.  *See* [Doc. No. 29] at 4–5.  As further detailed in that Order, Defendant's § 2255 Motion includes a claim that her retained counsel, Irven Box, provided constitutionally ineffective assistance of counsel by failing to file an appeal on her behalf.  *See id.* at 1–2.  After the Government provided an affidavit from Mr. Box, *see* [Doc. No. 30-1], the Court set the matter for an evidentiary

---

[1] The Court previously noted that Defendant's Motion was not signed or submitted under penalty of perjury.  *See* [Doc. No. 27].  Defendant timely cured these deficiencies by resubmitting a sworn Motion [Doc. No. 28] that is substantively identical to her first Motion [Doc. No. 20].

hearing and appointed counsel to represent Defendant at the hearing, see [Docs. No. 31, 32]. The parties appeared for the evidentiary hearing on February 24, 2025. Three witnesses testified at the hearing: (1) David Vannostran, Defendant's brother; (2) Defendant; and (3) Mr. Box.

## II.     Factual Background

Defendant testified that she called Mr. Box's office for the first time on October 23, 2023, about a week after her sentencing. She phoned Mr. Box several times after that but could never reach him. She testified that she spoke to Mr. Box's assistant on one occasion, questioned her about filing an appeal, and asked her to have Mr. Box call Defendant back. Although she left additional messages, she did not receive a response or callback. When she could not successfully reach Mr. Box, she told her brother that she wanted to file an appeal and instructed him to contact Mr. Box on her behalf.

Mr. Vannostran's testimony was largely consistent with his sister's. Mr. Vannostran testified that Defendant asked him to call Mr. Box because she wanted to appeal but had been unable to reach her lawyer. Mr. Vannostran testified that he spoke with Mr. Box by phone on or around October 27, 2023. He told Mr. Box that Defendant wanted to appeal, but Mr. Box explained that the matter was out of his hands. Mr. Vannostran relayed Mr. Box's response to Defendant; he did not attempt to contact Mr. Box again.

Mr. Box's testimony mostly confirmed this series of events. He testified that he spoke with Mr. Vannostran by phone. During that call, Mr. Vannostran told Mr. Box that Defendant wanted to file an appeal. But Mr. Box told Mr. Vannostran there was no

reason to appeal because Defendant's plea agreement contained a waiver of her appellate rights. Mr. Box did not attempt to contact Defendant after speaking with her brother.

### III. Legal Standard

Defendant alleges Mr. Box provided ineffective assistance of counsel by failing to file an appeal on her behalf. To succeed on this claim, she must show that "(1) [her] 'counsel's performance was deficient,' and (2) 'the deficient performance prejudiced the defense.'" *United States v. Deiter*, 890 F.3d 1203, 1209 (10th Cir. 2018) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[A] lawyer who disregards *specific* instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155–56 (10th Cir. 2003) (emphasis added); *see also See Peguero v. United States*, 526 U.S. 23 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to . . . an appeal without showing that his appeal would likely have merit . . . .").

But if a defendant does not "clearly convey[] h[er] wishes one way or the other," the Court must determine whether counsel had a duty to consult with her about an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Under this standard, the Court considers (1) whether Defendant "reasonably demonstrated to counsel that [s]he was interested in appealing,"[2] and (2) whether there was a "reasonable probability that, but for

---

[2] A defendant can also establish a duty to consult by demonstrating "that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)." *Flores-Ortega*, 528 U.S. at 480. But because it is clear "that this particular defendant reasonably

counsel's deficient failure to consult with h[er] about an appeal, [s]he would have timely appealed." *United States v. Herring*, 935 F.3d 1102, 1108, 1110 (10th Cir. 2019) (quoting *Flores-Ortega*, 528 U.S. at 478, 484).

IV.   **Analysis**

Mr. Vannostran, Defendant, and Mr. Box all testified that Defendant—by way of her brother's phone call—told Mr. Box she wanted to appeal. The Court need not decide whether these statements qualify as specific directions to appeal, however, because Defendant can satisfy *Strickland* under the failure-to-consult framework.

First, Defendant reasonably demonstrated her interest in an appeal by calling Mr. Box's office several times, leaving messages, and speaking to his assistant about a possible appeal. Further, Mr. Box admits that Mr. Vannostran told him Defendant wanted to appeal. Mr. Box therefore had a duty to consult with Defendant by "advising [her] about the advantages and disadvantages of taking an appeal." *Id.* at 1108 (quoting *Flores-Ortega*, 528 U.S. at 478). But Mr. Box told Mr. Vannostran that an appeal would be fruitless, and he made no attempt to consult with Defendant directly. Accordingly, he failed to fulfill his duty. *See United States v. Kelley*, 318 F. App'x 682, 686 (10th Cir. 2009) ("[S]imply stating that a plea agreement would leave 'nothing to appeal' does not inform a defendant of any advantages of taking an appeal, nor does it make an effort to determine the defendant's wishes regarding an appeal, as the Supreme Court requires.").

---

demonstrated to counsel that [s]he was interested in appealing," the Court need not consider whether a rational defendant would also want to appeal. *Id.*

As to the prejudice prong, Defendant acted promptly by attempting to contact Mr. Box about a week after her sentencing.[3]  *See Herring*, 935 F.3d at 1111 (finding "evidence that 'the defendant in question promptly expressed a desire to appeal'" to be "'highly relevant'" to the question of whether "defendant would have appealed but for h[er] counsel's failure to consult" (quoting *Flores-Ortega*, 528 U.S. at 485–86)).  She also testified that she would have wanted to move forward with an appeal despite the appellate waiver contained in her plea agreement.  Her repeated phone calls to Mr. Box support this assertion, as does the fact that she enlisted her brother's help when she was unsuccessful in reaching Mr. Box.  Although there is no evidence that Defendant attempted to file an appeal herself, she believed that she had no further recourse following her brother's phone call with Mr. Box.  Finally, while the Court is aware Defendant's plea agreement contains a waiver of her appellate rights, "[t]he question of whether [s]he would have prevailed on appeal is not determinative." *Kelley*, 318 F. App'x at 688; *see also Flores-Ortega*, 528 U.S. at 486.

Because Defendant has established both deficient performance and prejudice, she is entitled to a belated appeal.  The Court will "reinstate the judgment so that [Defendant] may file a timely appeal of h[er] sentence." *Kelly*, 318 F. App'x at 688; *see also Snitz*, 342 F.3d at 1159 (instructing "the district court to vacate and reenter its judgment of conviction and sentence to allow defendant to file a timely appeal").  Defendant's direct appeal will not be limited to only those issues identified in her pro se Motion. *See Snitz*,

---

[3] She testified that she did not have an opportunity to meet with Mr. Box either directly before or after the sentencing hearing.

5

342 F.3d at 1159. The Court dismisses the remainder of the § 2255 claims without reaching their merits, providing Defendant the opportunity to raise all possible claims on direct appeal.[4]  *See id.*

### V.   Conclusion

IT IS THEREFORE ORDERED that Defendant's pro se Motions [Docs. No. 20, 28] are GRANTED in part and DISMISSED in part, as set forth herein.  The Court hereby reinstates the Judgment and Commitment [Doc. No. 18] entered in this case on October 17, 2023 to permit Defendant to file a direct appeal.  To the extent that the dismissal of the remaining claims constitutes a final adverse order, the Court finds that the standard for a certificate of appealability in this case is not met.  *See* Rule 11(a) of the Rules Governing Section 2255 Proceedings.  Therefore, a COA is DENIED.

IT IS SO ORDERED this 28th day of February, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[4] The Court previously dismissed the portion of the Motion seeking a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  *See* [Doc. No. 29] at 4–8.